# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Andrew Suber, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:18-424-RMG |
| ) | |
| vs. ) | |
| ) | |
| Nancy A. Berrryhill, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 10, 2019, recommending that the decision of the Commissioner be reversed and remanded to the agency because of the Administrative Law Judge's failure, as required by controlling regulations, to consider the full range of evidence in the record regarding Plaintiff's chronic mental illness and inability to function independently and interact with others when weighing whether Plaintiff met the standards for one of the mental disorder Listings. (Dtk. No. 28 at 34-47). The Commissioner has advised the Court that she does not intend to file objections to the R & R. (Dkt. No. 29).

The Court has reviewed the R & R and the record evidence and finds that the Magistrate

Judge has ably addressed the factual and legal issues in this matter. Therefore, the Court **ADOPTS** the Report and Recommendation as the order of this Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the Commissioner for further proceedings consistent with this order. The Court further orders and directs that the agency on remand address the apparent discrepancy between the testimony of the Vocational Expert, who identified only jobs requiring Level Two reasoning, and the Administrative Law Judge's limitation of Plaintiff to "simple, routine tasks . . involving simple work-related decisions . . ." Tr. 18, 65-66. As the Magistrate Judge stated at Footnote 13 and this Court ruled in *Abstance v. Berryhill*, 2019 WL 669799 (D.S.C. 2019), the failure of the Vocational Expert to resolve this apparent discrepancy would result in the Commissioner not meeting her burden under Step Five of the Sequential Process, mandating an award of benefits to the Plaintiff.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
July 3, 2019